IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CATHY PANAGODIMOS,                      *

    Plaintiff,                          *

        v.                              *            CIVIL NO.: WDQ-12-0128

CONTEMPORARY NURSING                    *
SOLUTIONS, INC., *et al.*,              *

    Defendants.                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Cathy Panagodimos sued ConTemporary Nursing Solutions, Inc.

("CNS"), Mary DeChristopher, and Beatrice Stryker (collectively,

the "Defendants") in the Circuit Court of Baltimore County for

unlawful wage deductions.  The Defendants removed to this Court

on the ground that Panagodimos's claims were preempted by the

federal Employee Retirement Income Security Act of 1974[1]

("ERISA").  For the following reasons, Panagodimos's motion to

remand will be denied.

---

[1] 29 U.S.C. §§ 1001 *et seq.*

I. Background[2]

CNS is a health care staffing firm.[3] DeChristopher is the president and owner, and Stryker is the chief financial officer. Compl. ¶¶ 13-14.

From November 2002 through April 2011, Panagodimos worked intermittently as CNS's associate director of operations and regional director of operations. Compl. ¶¶ 5-11. While employed at CNS, Panagodimos participated in CNS's group health care plan through CareFirst BlueCross BlueShield ("CareFirst"). Compl. ¶¶ 15-16. In its application for group coverage from CareFirst, CNS promised to "contribute an amount equal to at least 50% of the cost" of an employee's coverage.[4] The group health plan incorporated the application.[5] CNS's employee handbook also stated that the cost of an employee's health insurance would be shared by the company. Compl., Ex. 2 at 5.

_____

[2] The facts are taken from the complaint and the parties' motions.

[3] *See* ConTemporary Nursing Solutions, Inc. website, www.rnstaffing.com/aboutus/ (last visited March 6, 2012).

[4] *See* Group Contract Application, Mot. to Remand, Ex. 1 at 2 ("To be eligible for Group coverage, the employer must contribute an amount equal to at least 50% of the cost of the Individual Coverage for enrolled employees").

[5] *See* Group Contract, Mem. in Opp'n to Mot. to Remand, Ex. 1 at 8.

Panagodimos asserts that, despite this promise, she and other employees paid the full cost of health insurance coverage. Compl. ¶¶ 19-20.  Accordingly, she alleges that she and "similarly situated employees were paying far more in insurance premiums than they were supposed to pay under the terms of the group health plan."  Compl. ¶ 21.

On December 2, 2011, Panagodimos filed a putative class action[6] against the Defendants, alleging violations of the Maryland Wage Payment and Collection Law,[7] unjust enrichment, conversion, and civil conspiracy.   On January 12, 2012, the Defendants removed to this Court.[8]  On January 24, 2012, Panagodimos moved to remand.  ECF No. 10.  On February 15, 2012, the Defendants opposed that motion.  ECF No. 15.  On March 5, 2012, Panagodimos filed a reply.  ECF No. 16.[9]

II. Analysis

The Defendants argue that removal was appropriate under 28 U.S.C. §§ 1331 and 1441 because this Court has federal question jurisdiction: Panagodimos's claims relate to an employee benefit

---

[6] Panagodimos filed suit "on behalf of herself and a class of other persons who are employed or have been employed by Defendants and who were overcharged . . . for health insurance premiums."  Compl. ¶ 35.

[7] Md. Code Ann., Lab. & Empl. §§ 3-501 et seq.

[8] ECF No. 1.  The complaint had been served on the Defendants on December 16, 2011.  Id. at ¶ 3.

[9] The response and reply were timely.  See ECF No. 14.

plan governed by ERISA.   ECF No. 1 at 1, 3.   Panagodimos

counters that her claims "in no way involve an ERISA plan," only

the contract between CareFirst and CNS.   Mem. in Supp. of Mot.

to Remand 4-5.

   A. Removal under 28 U.S.C. § 1441

      A defendant can remove a civil action to federal court

"only if the district courts of the United States have original

jurisdiction over it."   *Lontz v. Tharp*, 413 F.3d 435, 439 (4th

Cir. 2005) (*quoting* 28 U.S.C. § 1441(a)).   The removing party

must prove subject matter jurisdiction, which exists if "the

face of the complaint raises a federal question."   *Id.* (*citing*

28 U.S.C. § 1441(b)).   Because removal raises "significant

federalism concerns," the removal statutes must be strictly

construed, and all doubts must be resolved in favor of remanding

the case to state court.   *Md. Stadium Auth. v. Ellerbe Becket,*

*Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

      Generally, removal on the basis of federal question

jurisdiction is appropriate only if the plaintiff's "well-

pleaded complaint" raises issues of federal law.   *Lontz*, 413

F.3d at 439.   Thus, "state law complaints usually must stay in

state court when they assert what appear to be state law

claims."   *Id.* at 440.

      The complete preemption doctrine is a "narrow exception" to

this rule.   *See id.* at 439-40.   Under this doctrine, "if the

subject matter of a putative state law claim has been totally

subsumed by federal law . . . then removal is appropriate."

*Id.*[10]

  B. ERISA Preemption

    "ERISA's civil enforcement provision, § 502(a), completely

preempts state law claims that come within its scope and

converts these state claims into federal claims under § 502."

*Darcangelo v. Verizon Comm'cns, Inc.*, 292 F.3d 181, 187 (4th

Cir. 2002) (internal citations and quotation marks omitted).  A

state claim is preempted by § 502 if: (1) the plaintiff has

standing under § 502(a), (2) the claim could be brought under §

502(a), and (3) the claim is not capable of resolution without

interpretation of the ERISA plan.[11]  *See Sonoco Prods. Co. v.*

*Physicians Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003).

    Under § 502(a), plan participants, beneficiaries, and

fiduciaries may bring claims to recover benefits, enforce or

clarify rights under an ERISA plan, or force disclosure of

---

[10] "[W]hen complete preemption exists, there is no such thing as
the state action since the federal claim is treated as if it
appears on the face of the complaint because it effectively
displaces the state cause of action.  Complete preemption thus
transforms the plaintiff's state-law claims into federal
claims."  *Id.* at 441 (internal citations and quotation marks
omitted).

[11] ERISA governs employee welfare benefit plans, which are "any
plan[s], fund[s], or program[s] . . . established or maintained
by an employer . . . for the purpose of providing . . . medical,
surgical, or other hospital care or benefit [.]"  29 U.S.C. §
1002(1).

certain information. 29 U.S.C. § 1132(a). For example, a plan participant may seek the return of contributions made under the terms of a plan or restitution of overpayments. *See Jackson v. Wal-Mart Stores, Inc.*, 24 F. App'x 132, 133 (4th Cir. 2001).

The Defendants argue that ERISA preempts Panagodimos's claims because she is an ERISA plan participant,[12] her claims are within the scope of § 502(a), and a court must look to the plan to resolve those claims. ECF No. 15 at 9-11.

Panagodimos counters that remand is appropriate because her claims "do not involve interpretation of an ERISA-governed employee benefits plan." Mem. in Supp. of Mot. to Remand 4. Although the complaint asserted that she paid more than required by "the group health plan," Panagodimos contends that she meant to refer only to CNS's application for group coverage.[13] She argues that a court can resolve her claims without looking beyond this application, because it establishes that the Defendants "[took] too much money from her wages for her share of the cost of health insurance." *Id.* at 4.

---

[12] The Defendants argue -- and Panagodimos does not dispute -- that the health care plan constituted an ERISA plan. *See* ECF No. 15 at 1-2.

[13] *See* Mem. in Supp. of Mot. to Remand 2 n.1 ("Plaintiff mistakenly referred to the 'Group Contract Application' between CNS and CareFirst as the "group health plan." Plaintiff will file an amended complaint to correct this error . . . ").

The Court will deny the motion to remand.  Panagodimos is an ERISA plan participant whose claims are "tantamount to an action seeking return of contributions made under . . . the plan and for restitution of any overpayments under [§ 502(a)(3)(B)]."[14]  Moreover, calculating the amount of any recovery would require reference to the health care plan.[15]  The application for group coverage noted only that CNS had to cover at least half an employee's insurance costs, but it did not specify what those costs would be.  Accordingly, ERISA preempts Panagodimos's claims.  See Sonoco Prods. Co., 338 F.3d at 372.

III. Conclusion

For the reasons stated above, Panagodimos's motion to remand will be denied.

3/8/12
_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[14] See Jackson, 24 F. App'x at 133 (affirming district court's finding that ERISA preempted an employee's claims "alleging that [his employer] made excessive deductions from his wages for insurance premiums").

[15] See McMahon v. McDowell, 794 F.2d 100, 105-08 (3d Cir. 1986) (ERISA preempted a claim under Pennsylvania's wage payment and collection law because "plaintiffs would [have] be[en] able to determine the amount of any recovery under the [law] only by reference to the benefit plans and the provisions of ERISA").